JAMES T. BURNS

*v.*

STATE OF ILLINOIS.

*Opinion filed November 30, 1912.*

1. MILITARY SERVICE—*defense of member in.* Where a member of the National Guard or Naval Reserve is prosecuted by civil or criminal action on account of any act done by such member in the performance of his military duties, the expenses of his defense shall be borne by the State.

2. ATTORNEY GENERAL—*duty to defend.* In cases of this character. the Attorney General may defend the suit either personally or by one of his assistants, or, if not, then he shall approve the selection of an attorney to conduct the defense.

3. SAME—*to approve expenses.* Vouchers covering items of expense are to be approved by the Attorney General and paid by the Adjutant General.

4. STATE AFFAIRS—*how conducted.* Departments of the State government must be conducted upon business lines and each department may adopt reasonable rules and regulations for the proper transaction of the business pertaining to that department.

Burns and Burns, for Claimant.

W. H. Stead, Attorney General, for State.

The claimant in this cause seeks reimbursement for moneys expended by him as an attorney for Joseph B. Klein, a member of the Fifth Infantry, Illinois National Guard, who was indicted for murder by a grand jury in Kankakee County and subsequently tried on said charge in Ford County, upon a change of venue. The indictment was based upon the killing of one, Earl Nelson, by the said Klein, in August of 1908, while said Klein was in active service as a militiaman at the time of the Springfield riots, and while said Fifth Infantry was embarking from Kankakee for Springfield to assist in quelling the disorder.

Claimant alleges that the Attorney General, under the provisions of the Military Code (sec. 9, art. XXII) had appointed claimant to assist in the defense of said

Klein at said trial, that certain witnesses had to be brought from Kankakee to Ford County to testify in behalf of the said Klein, that these witnesses were not possessed of the necessary private funds to pay their railroad fare and hotel expenses, and that under instructions of the Attorney General's office, claimant advanced the money needed to meet the expenses of said witnesses, amounting to thirteen dollars; that subsequently claimant filed a claim for reimbursement for said amount and said claim was refused. To secure said reimbursement, claimant has brought suit in this Court.

Owing to the fact that the expenses of taking testimony in this cause would exceed the amount of the claim, it is stipulated by the Attorney General, that the material facts alleged in the declaration shall be considered as if duly proven by the claimant by depositions regularly taken.

Section 8 of article XXII of the Military Code provides, that where any member of the National Guard is prosecuted criminally for any act committed by said member, while in the performance of military duty, that all the expense of the defense, "including attorney's fees, witness fees for the defense, defendant's court costs and all costs for transcripts of records and abstracts shall be paid by the State, provided, that the Attorney General shall be first consulted in regard to and approve of the selection of the attorney for the defense."

Section 9 further provides, that "the expense of such defense, as provided for in the preceding section, shall be paid by the Adjutant General out of the military emergency or either military fund of the State upon vouchers and bills approved by the Attorney General."

The statute here points out a definite remedy for the payment of expenses incurred in defense of militiamen in criminal cases. Vouchers are to be made out, approved by the Attorney General, and paid by the Adjutant General.

There is no claim that in the case at bar there were no funds in the department to meet these expenses, but the declaration sets forth that the items in question were rejected by the Adjutant General. The reason given for the rejection, as stated by claimant, was, that "claimant could not or did not apportion these items among the witnesses so that same could be divided from their witness fees."

It is not apparent from the declaration why there was an impossibility of an apportionment of these expenses between witness fees on the one hand, and railroad fare and other incidentals on the other. This would seem to be a mathematical proposition which could be easily solved as the data must have been in the possession of claimant. If claimant omitted to so apportion the expenses or simply made a claim for a lump sum without itemizing the same, or was unable to itemize the expenses on account of not having preserved the data, this is claimant's misfortune.

The statute specifically mentions witness fees and other items of expenses and differentiates them from general expenses, such as the claim in this cause.

All departments of the State service must be conducted upon business lines, and must adopt reasonable rules and regulations for the proper transaction of the business pertaining to that department. In adopting a rule, that expenses for the defense of militiamen under criminal charges should be properly itemized and apportioned, the Adjutant General's office is adopting a reasonable rule of procedure, that is substantially sanctioned by the statute.

This Court does not deem it wise, therefore, to interfere with the methods of business procedure in the various departments of the State service. The remedy in this cause is with the Adjutant General and the matter of this claim should be adjusted by him. The claim is therefore rejected.